UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP W. ELLISON,

               Plaintiff,

                                      Case No. 13-13121

v.

                                        Hon. Patrick J. Duggan

JP MORGAN CHASE BANK, DONALD
P KING, TROTT & TROTT, DOUGLAS
P. SHEPHERD, and ANTHONY M.
WICKERSHAM,

               Defendants.
_____/

## OPINION AND ORDER

      This civil action arises from a mortgage foreclosure and subsequent sheriff's sale of Plaintiff Philip Ellison's home.  Plaintiff, who is proceeding *pro se*, initiated this action against five defendants seeking "$7,350,000 Million in U.S. Currency[,]" (Complaint 13), for deprivations of his due process rights under the Fourteenth Amendment to the United States, violations of criminal statutes prohibiting the deprivation of rights protected by the federal constitution and federal law, violations of criminal statutes prohibiting mail fraud, and for damages inflicted under various theories of state tort law.  All of these legal transgressions occurred in connection with the foreclosure by advertisement of Plaintiff's home. Plaintiff has already failed in his effort to have the sheriff's deed issued as a result

of the foreclosure proceedings rescinded by challenging the propriety of the foreclosure in front of another judge sitting on the bench in the Eastern District of Michigan.  Further, Plaintiff has already had an order of eviction entered against him in the state court and his appeal of this order is currently pending.  Yet Plaintiff is in court once more in what can best be described as a collateral attack on the foreclosure and the related judicial proceedings.  Currently pending before this Court are five motions.  Four of the pending motions have been filed by the five defendants seeking dismissal of Plaintiff's Complaint pursuant to either Federal Rule of Civil Procedure 12(b)(6) or Rule 56.[1]  The fifth motion, filed by Plaintiff, seeks the entry of a default judgment against one of the five named Defendants.  Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  For the reasons stated herein, the Court dismisses Plaintiff's Complaint.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

## A.    The Note, Mortgage, and Eventual Foreclosure

On April 10, 2009, Plaintiff accepted a $219,451 loan from Defendant JPMorgan Chase Bank, N.A. ("Chase"), and, in exchange, executed a promissory note secured by a mortgage on real property commonly known as 20078 Ballantrae

---

[1] Two Defendants filed a joint motion.

2

Drive, Macomb, Michigan (the "Property"). The mortgage was recorded with the Macomb County Register of Deeds on April 23, 2009, at Liber 19756, page 216.

Plaintiff subsequently defaulted on his payment obligations. In February of 2011, Chase referred the loan to the law firm of Defendant Trott & Trott, P.C. to initiate foreclosure proceedings on Chase's behalf. A sheriff's sale was conducted on September 8, 2011 and Chase purchased the Property for $101,067.69. The statutory redemption period expired on March 8, 2012, with Plaintiff failing to redeem.

**B.    Related State and Federal Court Proceedings**

On March 21, 2012, Chase, acting through its retained counsel at Trott & Trott, commenced a summary proceeding for eviction in the 41st District Court. Defendant Donald King was the attorney of record in that action. Defendant Douglas Shepherd, a state judge, presided over the proceedings in the 41st District Court. In the summary eviction proceeding, Plaintiff filed responsive pleadings including a counterclaim.

While the eviction action was pending, Plaintiff filed a lawsuit in the Macomb County Circuit Court challenging the foreclosure proceedings. Chase removed the action to federal court and on October 2, 2012, Judge Avern Cohn granted Chase's Motion to Dismiss. *See Ellison v. JP Morgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386 (E.D. Mich. Oct. 2, 2012) (Cohn, J.)

3

Once Judge Cohn ruled on Plaintiff's action, the state eviction proceedings proceeded. On April 26, 2013, the 41st District Court, acting through Judge Shepherd, entered an Order of Default Judgment in favor of Chase for recovery of possession of the Property. The court's ruling also ordered Plaintiff to vacate the Property by May 6, 2013. A few days before Plaintiff was supposed to vacate the Property, he filed a claim of appeal with the Macomb County Circuit Court. This appeal is pending.

**C.     The Instant Action**

Plaintiff instituted the present action by filing a complaint in this Court on July 19, 2012. The Complaint names Chase, Trott & Trott, King, Shepherd, and Anthony Wickersham, the Macomb County Sheriff, as defendants and contains the following counts: (1) Count I – "Violation of 42 U.S.C. § 1983;" (2) Count II – "Violation of 42 U.S.C. §[§] 1983 and 1985(3): conspiracy;" (3) Count III - "Violation of 42 U.S.C. § 1983: refusing or neglecting to prevent;" (4) Count IV – "Malicious abuse of process;" (5) Count V – "[Violation of] 18 U.S.C. [§§] 241 and 242 conspiracy;" (6) Count VI – "Intentional infliction of emotional distress;" and (7) Count VII – "Mail Fraud."

On August 8, 2013, Defendants Trott & Trott and King filed a "Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 12 and 56." (ECF No. 9.) Plaintiff did not respond to this motion.

4

On August 12, 2013, Defendant Chase filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) Plaintiff did not respond to this motion.

Also on August 12, 2013, Defendant Judge Shepherd filed a Motion for Summary Judgment or, alternatively, for a More Definite Statement pursuant to Rules 56 and 12(e). (ECF No. 14.) Plaintiff responded to this motion on August 30, 2013, (ECF No. 20), September 13, 2013, (ECF No. 24), and October 3, 2013, (ECF No. 28). Judge Shepherd replied on September 4, 2013. (ECF No. 22.)

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), which requires parties to "serve an answer . . . within 21 days after being served with the summons and complaint[,]" August 12, 2013 was when all answers or other responsive pleadings should have been filed. However, Defendant Wickersham filed his Motion to Dismiss on August 21, 2013. (ECF No. 16.) Plaintiff did not respond to Wickersham's Motion but did file a Motion for Default Judgment against Wickersham on September 13, 2013. (ECF No. 23.) Wickersham responded to the motion for default judgment on September 16, 2013. (ECF No. 25.)

## II.   STANDARD OF REVIEW

### A.   Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether a plaintiff's pleadings have

stated a claim upon which relief may be granted.  Fed. R. Civ. P. 12(b)(6).  Under

the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65,

1974 (2007), the Court must construe the complaint in favor of the plaintiff and

determine whether plaintiff's factual allegations present claims plausible on their

face.  This standard requires a claimant to put forth "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of" the requisite

elements of their claims.  *Id.* at 557, 127 S. Ct. at 1965.  Even though the complaint

need not contain "detailed" factual allegations, its "factual allegations must be

enough to raise a right to relief above the speculative level."  *Ass'n of Cleveland*

*Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing

*Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also*

Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a

short and plain statement of the claim showing that the pleader is entitled to

relief[.]").

     In determining whether a plaintiff has set forth a "claim to relief that is

plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949

(2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept

the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S.

Ct. at 1965.  This presumption, however, does not apply to legal conclusions.

6

*Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting its analysis, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein. *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). In the case at bar, the Court has considered documents, all of which are public, relating to the mortgage and the foreclosure.

7

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a *pro se* complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007) (reaffirming rule of more liberal construction with pro se complaints less than two weeks after issuing *Twombly*).  The leniency with which courts construe *pro se* plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do "not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  *Pro se* plaintiffs still must provide more than bare assertions of legal conclusions to survive a motion to dismiss.  *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## B.    Summary Judgment Standard

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a) (2012); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548 (1986) (explaining that the initial burden of proving the absence of a genuine dispute rests with the movant).  A court assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require

8

submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).  While this inquiry requires the Court to construe factual disputes, and the inferences there from, in the light most favorable to the non-moving party, only disputes over facts that might affect the outcome of the suit preclude the entry of summary judgment.  *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510.

## III.   ANALYSIS

Even though the most liberal construction of Plaintiff's Complaint exposes serious pleading deficiencies,[2] the Court discusses the various counts contained therein.  In engaging in this analytical endeavor, the Court has taken a functional approach to the organization of this Opinion and Order in an effort to separate claims failing as a matter of law (claims the Court dismisses with prejudice) from those that fail due to the dearth of factual allegations plausibly suggesting an entitlement to relief (claims the Court dismisses without prejudice).

### A.   Count V Fails as a Matter of Law Because No Private Right of Action Exists.

---

[2] By way of illustration, and as several Defendants point out, Plaintiff fails to provide sufficiently particularized factual allegations in support of his seven-count Complaint.  Further, Plaintiff fails to identify which Defendants are being sued on which counts and does not provide allegations that would clarify this absence.

In Count V, Plaintiff alleges that "[a]ll Defendants . . . conspired to deprive Plaintiff of his Constitutional rights[,]" therefore violating 18 U.S.C. §§ 241 and 242. Both of these statutes, however, are federal criminal statutes that do not provide for a provide right of action. *See, e.g.*, *Alvarez v. Sandridge*, 149 F. App'x 822, 823 (10th Cir. 2005) (citing *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private cause of action.")); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) ("Appellant also claim relief under 18 U.S.C. §§ 241 and 242. These criminal provisions, however, provide no basis for civil liability.") (citation omitted).

In light of the aforementioned authority, Plaintiff's reliance on 18 U.S.C. §§ 241 and 242 is inappropriate as neither statute gives rise to a cognizable federal claim in a civil suit. Accordingly, Count V fails to state a claim as to any of the Defendants and must be dismissed with prejudice.

**B.    Count VII Fails as a Matter of Law Because No Private Right of Action Exists.**

In Count VII, Plaintiff contends that "Defendants intentionally sent correspondence via U.S. Mail to [Plaintiff], when they fraudulently sent mail pertaining to a null and void Sheriff's Sale. The use of the mails to defraud is a federal offense requiring the government to prove a knowing use of the mails to

execute the fraudulent scheme." (Compl. 10 (citation omitted).) As with Count V,
Count VII seeks to state claims under federal criminal statutes, specifically 18
U.S.C. §§ 1341 and 1342. As with Count V, Count VII must be dismissed because
neither statute provides for a private right of action. *See, e.g.*, *Wisdom v. First
Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999) ("Neither the mail fraud statute
nor its legislative history provides for any remedy other than criminal sanctions.
Thus, we agree with the Fifth and Sixth Circuits and hold that Congress did not
intend to create a private right of action in enacting [18 U.S.C. § 1341]."); *Ryan v.
Ohio Edison Co.*, 611 F.2d 1170, 1178 (6th Cir. 1979) (finding the scant legislative
history of the mail fraud statute to indicate an intent to punish dealers of fraudulent
devices for using the United States mails but not an intent to create a private right
of action); *id.* (noting that "no court has interpreted [18 U.S.C. § 1341] statute to
imply a civil remedy"); *Uhre v. Emmett A. Larkin Co.*, 205 F. Supp. 2d 475, 478
(D. Md. 2002) (dismissing Plaintiff's claims under 18 U.S.C. §§ 1341 and 1342
"because there is no private right of action under these federal statutes[]").

Because no private right of action exists under either 18 U.S.C. §§ 1341 or
1342, Count VII fails to state a claim as to any of the Defendants and must be
dismissed with prejudice.[3]

---

[3] Because no private right of action exists under these statutes, the Court
need not address various Defendants' arguments that Plaintiff has failed to support

**C.**    **Plaintiff's Claims against Judge Shepherd Fail as a Matter of Law Because Judge Shepherd is Immune from Suit under Both State and Federal Law.**

Despite lacking in overall clarity, one thing is quite clear from Plaintiff's Complaint: that Judge Shepherd is a defendant stems exclusively from actions or inactions taken in his capacity as the 41st District Judge presiding over the summary proceeding for eviction. Plaintiff's theory appears to be that because Judge Shepherd entered judgment in favor of Chase, he was somehow complicit in the foreclosure proceedings that Plaintiff believes to have been improperly conducted. Irrespective of Plaintiff's theory of liability, Judge Shepherd is entitled to absolute immunity on the remaining federal and state law claims.

*1.*    *State Law Claims*

Plaintiff asserts two state law tort claims against Judge Shepherd, specifically, malicious abuse of process and intentional infliction of emotional distress. Because Judge Shepherd is immune from such allegations, these claims fail as a matter of law.

Michigan law provides that "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority." Mich.

his allegations of fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b). (Chase Br. 18-19; Trott & Trott & King Br. 12-13.)

Comp. Laws § 691.1407(5). Judge Shepherd was acting in the scope of his authority when he entered the Order of Default Judgment in the state court, which Plaintiff appears to concede in responding to Judge Shepherd's Motion, and he is thus immune from tort liability under this statute.

Accordingly, Counts IV and VI, which allege state law tort claims against all Defendants, are dismissed with prejudice as they pertain to Judge Shepherd.

## 2.   *Federal Claims*

Plaintiff's Complaint generally alleges that Defendants deprived him of his federally protected rights, specifically, his rights emanating from the Due Process Clause of the Fourteenth Amendment.  Three of Plaintiff's counts arise from these purported rights violations and the conspiracy to deprive Plaintiff of these rights. These counts are styled as violations of either or both of 42 U.S.C. § 1983 and § 1985(2)-(3), which are both statutory vehicles for bringing such constitutional claims.  As relief, Plaintiff seeks monetary damages.

"A long line of [Supreme Court] precedents acknowledges that, generally, a judge is immune from a suit[.]" *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 286 (1991) (citations omitted) (per curiam).  The federal doctrine of judicial immunity affords judges absolute immunity from suit arising out of the performance of their judicial functions.  *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 1217-18 (1967).  "Immunity applies even when the judge is accused of

13

acting maliciously and corruptly." *Id.* Moreover, judges are "absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S. Ct. 1099, 1106 (1978). This immunity extends to state and federal judges alike and it applies to actions alleging a violation of the United States Constitution. *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S. Ct. 1108, 1115 (1983).

The immunity accorded to judicial officers is overcome in only two sets of circumstances. Judges are not immune from liability arising from non-judicial actions nor are they "immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mierles*, 502 U.S. at 10-11, 112 S. Ct. at 288 (citations omitted).

Plaintiff appears to argue that Judge Shepherd is liable for money damages because he acted without jurisdiction or beyond his jurisdiction when he entered judgment in favor of Chase.[4] (Pl.'s Resp. to Shepherd's Mot. 2, ¶ 9.) However, Plaintiff asserts no factual basis for such a claim. The only connection Judge Shepherd has to this case, and for that matter, to Plaintiff, is that he presided over the summary proceeding for eviction in the 41st District Court. The order that Judge Shepherd entered in that action was certainly judicial in nature. Moreover,

---

[4] Accordingly, only the second exception to judicial immunity is involved in this dispute.

the insinuation that Judge Shepherd took the judicial action despite lacking jurisdiction to do so is erroneous.[5]  *See* Mich. Ct. R. 4.201 (rule governing summary eviction proceedings in chapter dedicated to rules governing the Michigan district courts).

Accordingly, Counts I, II, and III, which seek to state claims against all Defendants under 42 U.S.C. § 1983 and § 1985(2)-(3), are dismissed with prejudice to the extent they seek to hold Judge Shepherd liable.  Moreover, because all seven counts have been dismissed against Judge Shepherd, the Court grants Judge Shepherd's Motion for Summary Judgment and dismisses him from this action.

## C.    Plaintiff's State Law Claims against Sheriff Wickersham Fail to State a Claim on which Relief Can Be Granted Because Sheriff Wickersham is Shielded by Immunity.

---

[5] Plaintiff's Complaint indicates that it "is based on a Sheriff's sale on or about July 21, 2011.  The[] property was not sold or confirmed on this date.  A second sale was on September 8, 2011."  (Compl. 4-5.)  Plaintiff then complains that notice of such sale was never provided as required by Michigan law.  To the extent Plaintiff contends that the lack of notice deprived Judge Shepherd of jurisdiction to enter an order of eviction, Plaintiff is mistaken.  In the prior federal court action, Judge Cohn explained that "plaintiff has not alleged a strong showing of fraud or irregularity sufficient to unwind the sheriff's sale.  Plaintiff does not allege any defect in the foreclosure procedure." *Ellison v. JP Morgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *7 (E.D. Mich. Oct. 2, 2012) (Cohn, J.).  Because principles of *res judicata* precluded Plaintiff from challenging the foreclosure on other grounds after entry of Judge Cohn's decision, jurisdiction in the summary eviction proceeding most certainly existed.

In Count IV, Plaintiff seeks to state a claim against "the Defendant[]s" for malicious abuse of process.  (Compl. 8-9.) In Count VI, Plaintiff seeks to state a claim against "Officials" or perhaps an "Official[]" for intentional infliction of emotional distress. (*Id.* at 9-10.)  Neither state law tort claim against Sheriff Wickersham is cognizable as Michigan law shields Sheriff Wickersham from suit.

Michigan law provides that "[a] judge, a legislator, and the elective or highest appointive executive official of all levels of government are immune from tort liability for injuries to persons or damages to property if he or she is acting within the scope of his or her judicial, legislative, or executive authority."  Mich. Comp. Laws § 691.1407(5).  Sheriff Wickersham was the Macomb County Sheriff during all times relevant to the events complained of in this action.  Section 6.1 of the Home Rule Charter of Macomb County, Michigan creates "[t]he department of sheriff[]" and provides that "[t]he head of the department is the elected sheriff." (Wickersham Br. 11.)  In Michigan, sheriffs are elected.  Mich. Comp. Laws § 45.514(1)(c) ("A county charter . . . shall provide for . . . the partisan election of a sheriff. . . .").  As such, Sheriff Wickersham is entitled to the immunity provided by Michigan Compiled Laws § 691.1407(5) provided that his actions were taken while acting within the scope of his executive authority.

The only allegations in Plaintiff's Complaint referencing Sheriff Wickersham are included in Count V.  These allegations state that "Sheriff[]"

16

Anthony Wickersham did not have sufficient evidence to proceed with a Sheriff's sale. The Sheriff is not in possession of and never will be in possession of a valid court order for the sale of the subject property." (Compl. 9.) Such allegations appear to relate to Plaintiff's concerns with the sheriff's sale conducted after the foreclosure of his mortgage. Because a sheriff's sale is a function committed to the authority granted to a county sheriff by law, *see* Michigan Compiled Laws § 125.1449d, Sheriff Wickersham's actions in this case were taken within the scope of his executive authority and he is therefore entitled to the immunity provided by Michigan law. *See also HRSS, Inc. v. Wayne Cnty. Treasurer*, 279 F. Supp. 2d 846, 851 (E.D. Mich. 2003) (dismissing state law tort claims brought by mortgagors and assignees against sheriff in connection with foreclosure sale because sheriff was entitled to immunity under state law).

**D.    Plaintiff's Claims against Chase are Barred by the Doctrine of *Res Judicata*.**

Among the many arguments contained in Chase's Motion, one is dispositive and entitles Chase to dismissal from this action. Specifically, Chase contends that the doctrine of *res judicata* precludes Plaintiff from bringing any new claims against it. The Court agrees.

"Res judicata [or claim preclusion] bars a subsequent action between the same parties when the evidence or essential facts are identical." *Sewell v. Clean*

17

*Cut Mgmt., Inc.*, 463 Mich. 569, 575, 621 N.W.2d 222, 225 (2001). For res

judicata to apply, the following conditions must be met:

> (1) there has been a prior decision on the merits, (2) the issue was
> either actually resolved in the first case or could have been resolved in
> the first case if the parties, exercising reasonable diligence, had
> brought it forward, and (3) both actions were between the same parties
> or their privies.

*Paige v. City of Sterling Heights*, 476 Mich. 495, 522 n.46, 720 N.W.2d 219, 234

n.46 (2006). Michigan courts apply this doctrine broadly to bar "not only claims

already litigated, but every claim arising from the same transaction that the parties,

exercising reasonable diligence, could have raised but did not." *Sewell*, 463 Mich.

at 575, 621 N.W.2d at 225.

Applying the three factors to the instant case results in a finding that

Plaintiff's claims against Chase in the connection of the foreclosure of the Property

are precluded by *res judicata*. First, Plaintiff instituted a legal action regarding the

propriety of the foreclosure by advertisement of the Property and this action was

adjudicated on the merits. *See Ellison*, No. 12-12629, 2012 U.S. Dist. LEXIS

142386. Second, although the precise issues raised in the instant action were not

actually resolved in the previous action, Plaintiff could have raised the claims in

the first action had he exercised reasonable diligence as the claims relate to the

same loan transaction at issue in the prior case. As Chase points out, "the same

core facts that form the foundation of Plaintiff's claims in this case" should have

18

been pled in the prior action as the complaints in both cases rest on the assertion that Chase improperly foreclosed on the Property.  (Chase Br. 8.)  The fact that Plaintiff failed to allege a deprivation of his due process rights or the state law tort claims alleged here does not mean that he should not have alleged those claims in the prior case.  Third, and lastly, although Plaintiff has added additional parties to the present action, Chase and Plaintiff were both parties in the prior action.

For the reasons discussed above, the Court holds that the claims asserted in Plaintiff's Complaint are barred by *res judicata* against Chase.  Accordingly, Chase's Motion to Dismiss is granted and Chase is dismissed from this action.

## E.    Remaining Claims

For purposes of clarity, the Court finds it appropriate to identify the remaining claims before proceeding to analyze them.  The following counts remain against the following Defendants:

(1)   Count I – "Violation of 42 U.S.C. § 1983" and Count III – "Violation of 42 U.S.C. § 1983: refusing or neglecting to prevent" against Sheriff Wickersham, Trott & Trott, and King;

(2)   Count II – "Violation of 42 U.S.C. §[§] 1983 and 1985(3): conspiracy" against Sheriff Wickersham, Trott & Trott, and King;

(3)   Count IV – "Malicious abuse of process" against Trott & Trott and King; and

(4)   Count VI – "Intentional infliction of emotional distress" against Trott & Trott and King.

19

In addition to the aforementioned counts, Plaintiff's Motion for Default Judgment against Sheriff Wickersham remains pending.

1.     *Title 42 U.S.C. § 1983 Counts (Counts I-III)*

Plaintiff's Complaint makes reference to a variety of vaguely-stated constitutional claims generally complaining that he was deprived of his Fourteenth Amendment right to due process of law.

In order to prevail on a claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must establish: "'(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Miller v. Sanilac Cnty.*, 606 F.3d 240, 247 (6th Cir. 2010) (quoting *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006)).[6] Federal courts consider actions "under color of law" as the equivalent of "state action" under the Fourteenth Amendment. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838, 102 S. Ct. 2764, 2769-70 (1982); *see also West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255 (1988) (explaining that "if a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, 'that conduct [is] also action under the color of state law and will support a suit under § 1983'") (quotation omitted).  The Fourteenth Amendment's Due Process Clause provides that "no State shall . . .

---

[6] Section 1983 "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Gardenhire v. Schubert,* 205 F.3d 303, 310 (6th Cir. 2000).

20

deprive any person of life, liberty, or property, without due process of law . . . ."

U.S. Const. amend. XIV, § 1.  This Amendment governs only state action, not the

actions of private citizens or organizations.  *Rendell-Baker v. Kohn*, 457 U.S. at

837-38, 102 S. Ct. at 2770 (citing, *inter alia*, *Civil Rights Cases*, 109 U. S. 3, 11, 3

S. Ct. 18, 21-22 (1883)).

a.    *Because Trott & Trott and King Are Not State Actors for Purposes of §*
      *1983, Plaintiff's § 1983 Claims against Both Defendants Must Be*
      *Dismissed.*

Plaintiff seeks to hold Trott & Trott and King liable for constitutional rights

deprivations by virtue of their role in the foreclosure proceedings.  Trott & Trott, a

law firm located in southeastern Michigan, became involved in the foreclosure by

virtue of providing legal representation to Chase.[7]  King, an attorney at Trott &

Trott, was the counsel of record in the summary proceeding for eviction in the state

court.  The only conceivable way that either Defendant would be a state actor for

purposes of Plaintiff's § 1983 claim is if attorneys are deemed state actors by

virtue of their status as officers of the court.  The United States Court of Appeals

for the Sixth Circuit addressed this very issue in *Catz v. Chalker*, 142 F.3d 279 (6th

Cir. 1998) and "rejected the claim that [private] attorneys were state actors against

whom an allegation of deprivation of constitutional rights under color of law could

---

[7] After Plaintiff defaulted on his loan obligations, Chase referred the matter
to Trott & Trott to initiate foreclosure proceedings on Chase's behalf.  Further,
King, an attorney at Trott & Trott, represented Chase in the summary proceeding
for eviction.

21

be properly lodged." *Id.* at 285, 289; *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 450 (1981) ("It is often said that lawyers are 'officers of the court.' But the Courts of Appeals are agreed that a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *In re Griffiths*, 413 U.S. 717, 729, 93 S. Ct. 2851, 2858 (1973) (explaining that although lawyers are generally licensed by states, "they are not officials of government by virtue of being lawyers[]").

On the basis of the foregoing authority, neither Trott & Trott nor King are properly considered state actors subject to § 1983. It necessarily follows that Plaintiff's Complaint fails to state a claim for relief as to these Defendants and that this deficiency cannot be overcome. Accordingly, Plaintiff's § 1983 claims against Trott & Trott and King (Counts I-III) are dismissed with prejudice.

b.    *Although Sheriff Wickersham is a State Actor for Purposes of § 1983, Plaintiff's § 1983 Claims against Him Must Be Dismissed.*

Sheriff Wickersham does not dispute that he is a state actor for purposes of § 1983, nor could he serious contest that fact. However, Plaintiff's § 1983 claims against Sheriff Wickersham are deficient because Plaintiff fails to provide any particularized facts personally implicating Sheriff Wickersham in either the underlying mortgage foreclosure or the resulting Sheriff's sale. Plaintiff has not alleged facts demonstrating that Sheriff Wickersham participated in the sheriff's sale and as such, Plaintiff cannot plausibly show that Sheriff Wickersham was

22

personally involved in the activities which form the basis of the alleged

unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 604

(1976).

Accordingly, Court dismisses Plaintiff's § 1983 claims against Sheriff

Wickersham without prejudice.

**2.     *Title 42 U.S.C. § 1985 Count (Counts II)***

A claim of conspiracy to deprive an individual of federally-secured rights

brought pursuant to 42 U.S.C. § 1985(2) and (3) also requires state action.

Plaintiff's claims, however, fail as to the remaining Defendants for other reasons as

well.

Plaintiff seeks to state a claim of obstructing justice pursuant to 42 U.S.C. §

1985(2).  However, this subsection pertains to the obstruction of justice by

intimidating parties or witnesses to court proceedings or otherwise seeking to

influence witnesses, parties, and jurors in court proceedings.  Plaintiff has not

alleged that he was in any way deterred from attending or testifying in a legal

proceeding nor that anyone else participating in such a proceeding was threatened

or otherwise intimidated.  Accordingly, Plaintiff's § 1985(2) claim fails to state a

claim and the Court dismisses this claim with prejudice.

Plaintiff also purports to state a claim under 42 U.S.C. § 1985(3), which

"prohibits a conspiracy 'for the purpose of depriving either directly or indirectly,

23

any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws.'" *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 314 (6th Cir. 2005) (quoting 42 U.S.C. § 1985(3)). To maintain a cause of action pursuant to a § 1985 claim, "one must prove (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the law; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Id.* (citations omitted).

In alleging conspiracy, a plaintiff must demonstrate "'some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the [defendants'] actions.'" *Id.* (citing *Griffin v. Breckenridge*, 403 U.S. 88, 91 S. Ct. 1790, 1798 (1971)).  Plaintiff's allegations in the instant case wholly fail to demonstrate either a conspiracy or "*class-based* discriminatory animus[,]" and the Court will not presume such animus existed. *See Newell v. Brown*, 981 F.2d 880, 886 (6th Cir. 1992). Accordingly, the Court dismisses Plaintiff's count arising under § 1985(3) with prejudice.

### 3.    *Malicious Abuse of Process (Count IV)*

Plaintiff's claim for abuse of legal process fails to demonstrate that Trott & Trott or King possessed an ulterior purpose and fails to describe an improper act.

24

The tort of abuse of process is not favored in Michigan and requires "(1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 412 Mich. 1, 30, 312 N.W.2d 585, 594 (1981). "The gravamen of the misconduct for which the liability stated in this section is imposed is not the wrongful procurement of legal process or the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." *Id.* at 30 n.18, 312 N.W.2d at 594 n.18 (quoting 3 Restatement Torts, 2d, § 682, cmt. a). Here, Plaintiff has not provided any factual allegations to suggest that either Trott & Trott or King engaged in an act in the use of process for any purpose other than to assist Chase in foreclosing the Property. *Cf. Ursery v. Option One Mortgage Corp.*, No. 271560, 2007 Mich. App. LEXIS 1861, at *46-47 (Mich. Ct. App. July 31, 2007) (unpublished) (per curiam) (finding that plaintiff "only alleged that the foreclosure attempt was improper, not that [defendant] attempted to use the foreclosure process for anything other than what foreclosure is designed to accomplish[]" and dismissing claim for abuse of process on that basis).

Accordingly, Count IV is dismissed without prejudice as to Trott & Trott and King.

### 4.    *Intentional Infliction of Emotional Distress (Count VI)*

Plaintiff has asserted a claim of intentional infliction of emotional distress. Under Michigan law, this requires Plaintiff to show: (1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress. *Jones v. Muskegon Cnty.*, 625 F.3d 935, 948 (6th Cir. 2010) (citing *Vredevelt v. GEO Grp., Inc.*, 145 F. App'x 122, 135 (6th Cir. 2005)). "Such conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* (quoting *Graham v. Ford*, 237 Mich. App. 670, 674, 604 N.W.2d 713, 716 (Mich. Ct. App. 1999)).

Plaintiff has only arguably made allegations pertaining to the first element where Plaintiff makes a passing remark about the tort of false imprisonment. This remark, however, is not substantiated by any factual allegations anywhere in the Complaint that would suggest that either Trott & Trott or King falsely imprisoned Plaintiff. Accordingly, the Court dismisses Count VI against Trott & Trott and King without prejudice.

**F.      Motion for Default Judgment**

On September 13, 2013, Plaintiff filed a Motion for Default Judgment against Sheriff Wickersham on the basis that Sheriff Wickersham did not file an answer or responsive pleading within the twenty-one day period prescribed by Federal Rule of Civil Procedure 12(a)(1)(A)(i).   Sheriff Wickersham

26

acknowledges that his Motion to Dismiss was filed after the twenty-one day period

expired but argues that because no clerk's entry of default was entered pursuant to

Federal Rule of Civil Procedure 55(a), the Court cannot grant Plaintiff's Motion.

Sheriff Wickersham also argues that his late-filed motion cured his default because

his motion was filed before Plaintiff's Motion for Default Judgment.  (Wickersham

Resp. 5 (citing *Rehab Mgmt. Solutions, L.L.C. v. Diversa Care Therapuetics, Inc.*,

No. 11-11990, 2012 U.S. Dist. LEXIS 105783, at *3 (E.D. Mich. July 30, 2012)

(Ludington, J.) (citing *Hudson v. North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C.

1994) (holding that late-filed motion to dismiss cured the defendants' default

because the defendants' motion was filed before the plaintiff's motion for default

judgment))).)

The Court agrees with both of Sheriff Wickersham's arguments and

therefore denies Plaintiff's Motion for Default Judgment.

## IV.   CONCLUSION AND ORDER

For the reasons set forth above, the Court dismisses all Plaintiff's counts

with prejudice except (1) Counts I-III to the extent they attempt to state claims

under 42 U.S.C. § 1983 against Sheriff Wickersham and (2) Counts IV and VI to

the extent they allege state law tort claims against Trott & Trott and King.

Accordingly,

27

**IT IS ORDERED** that Defendants Trott & Trott & King's Motion, (ECF No. 9), is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Chase's Motion, (ECF No. 13), is **GRANTED** and all of Plaintiff's claims against Chase are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendant Judge Shepherd's Motion, (ECF No. 14), is **GRANTED** and all of Plaintiff's claims against Judge Shepherd are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that Defendant Sheriff Wickersham's Motion, (ECF No. 16), is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment is **DENIED**.

Date:  October 31, 2013

                               s/PATRICK J. DUGGAN
                               UNITED STATES DISTRICT JUDGE

Copies to:

**Philip W Ellison**
20078 Ballantrae Drive
Macomb, MI 48044

**Philip W Ellison**
20836 Hall Road, # 278
Clinton Township, MI 48038

**Laura Baucus, Esq.**
**Samantha L. Walls, Esq.**
**Josie L. Lewis, Esq.**
**Raechel M. Badalamenti, Esq.**
**Robert J. Morris, Esq.**
**John A. Schapka, Esq.**