UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP W. ELLISON,

        Plaintiff,

v.

JP MORGAN CHASE BANK, DONALD P KING, TROTT & TROTT, DOUGLAS P. SHEPHERD, and ANTHONY M. WICKERSHAM,

        Defendants.
_____/

Case No. 13-13121

Hon. Patrick J. Duggan

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On July 19, 2012, *pro se* Plaintiff Philip Ellison initiated this action against five defendants by filing a seven-count complaint with this Court.[1] The conduct complained of occurred in connection with a residential mortgage foreclosure and subsequent sheriff's sale of Plaintiff's home pursuant to Michigan's foreclosure by advertisement statute. Plaintiff's Complaint sought damages for various deprivations of his due process rights under the Fourteenth Amendment to the United States Constitutions, violations of criminal statutes prohibiting the

---

[1] The Complaint contained the following counts: Count I – "Violation of 42 U.S.C. § 1983;" Count II – "Violation of 42 U.S.C. §[§] 1983 and 1985(3): conspiracy;" Count III - "Violation of 42 U.S.C. § 1983: refusing or neglecting to prevent;" Count IV – "Malicious abuse of process;" Count V – "[Violation of] 18 U.S.C. [§§] 241 and 242 conspiracy;" Count VI – "Intentional infliction of emotional distress;" and Count VII – "Mail Fraud."

deprivation of rights protected by the federal constitution and federal law, violations of criminal statutes prohibiting mail fraud, and for damages inflicted under various theories of state tort law. Plaintiff's Complaint did not seek to rescind the sheriff's sale as another judge in the Eastern District of Michigan had already rejected Plaintiff's challenges to the foreclosure in a separate civil action. *See Ellison v. JP Morgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386 (E.D. Mich. Oct. 2, 2012) (Cohn, J.) (dismissing complaint containing the following causes of action: Count I – Quiet Title; Count II – Unjust Enrichment; Count III- Breach of Implied Agreement/Specific Performance; and Count IV – Breach of Michigan Compiled Laws § 600.3205(c)).

In August of 2013, the various defendants in this action sought dismissal of Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.[2] On October 31, 2013, after carefully reviewing Plaintiff's Complaint, the various motions filed by defendants (as well as a motion for default judgment filed by Plaintiff), and Plaintiff's responses to those motions, the Court dismissed Plaintiff's Complaint in its entirety against all defendants.[3]

---

[2] Four separate motions filed pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or Rule 56 were filed by the five defendants; two defendants filed a joint motion.

[3] Some of Plaintiff's claims were dismissed with prejudice while others were dismissed without prejudice. *See* Oct. 31, 2013 Op. & Order, ECF No. 29; J. ECF No. 30. The Court also denied Plaintiff's default judgment motion. *See* Oct. 31, 2013 Op. & Order, ECF No. 29; J. ECF No. 30.

On December 6, 2013, Plaintiff filed a "Motion to Reconsider" pursuant to Federal Rule of Civil Procedure 11. (ECF No. 31.) This motion is presently before the Court. In his reconsideration motion, Plaintiff contends that the foreclosure by advertisement "is invalid" pursuant to Michigan Compiled Laws § 600.3220 because an unnamed defendant did not "refil[e] the foreclosure in the newspaper as the law states." (ECF No. 31, Pg ID 3.) Plaintiff further explains that the attorney representing him in front of Judge Cohn, Emmett Greenwood, "did not present the case to the Honorable Judge Avern Cohn as it has been said in this case." (*Id.* at Pg ID 4.) Subsequent to Judge Cohn's decision, Plaintiff learned that his former counsel had been sanctioned for filing cases using "cookie cutter pleadings." (*Id.*) Lastly, Plaintiff makes reference to a $275,000 check he sent to Defendant JP Morgan Chase Bank on April 15, 2012. (*Id.* at Pg ID 1.) For the reasons set forth below, the Court denies Plaintiff's Motion.

Motions for reconsideration "must be filed within 14 days after entry of the judgment or order." E.D. Mich. L.R. 7.1(h)(1). Both the Opinion and Order and Judgment dismissing Plaintiff's Complaint were entered on October 31, 2013. Plaintiff's December 6, 2013 reconsideration motion is therefore untimely. This fact alone merits denial of the pending motion. There is, however, another reason dismissal is proper, namely, that Plaintiff's Motion does not ask this Court to

3

reconsider its prior decision. Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). As noted in the beginning of this Order, Plaintiff's Complaint did not challenge the propriety of the foreclosure by advertisement proceedings. *See* note 1, *supra*. Plaintiff's contentions regarding the invalidity of the foreclosure pursuant to Michigan statutory law, for example, are therefore new and are not properly presented in a motion for reconsideration.

To the extent Plaintiff seeks relief from this Court's judgment pursuant to Federal Rule of Civil Procedure 60, Plaintiff has failed to convince this Court that such relief is proper. Rule 60(b), which allows a party to seek relief from a final judgment or order under a limited set of circumstances including, fraud, mistake, newly discovered evidence, or invalidity of the prior judgment, is simply inapplicable. While this Court is sympathetic to Plaintiff's statements regarding his experience with counsel in front of Judge Cohn, such events are irrelevant to the causes of action Plaintiff included in the Complaint dismissed by this Court on October 31, 2013.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (ECF No. 31) is **DENIED**.

Dated: January 14, 2014

                                          <u>s/PATRICK J. DUGGAN</u>
                                          UNITED STATES DISTRICT JUDGE

Copies to:

**Philip W Ellison**
20078 Ballantrae Drive
Macomb, MI 48044

**Philip W Ellison**
20836 Hall Road, # 278
Clinton Township, MI 48038

**Laura Baucus, Esq.**
**Samantha L. Walls, Esq.**
**Josie L. Lewis, Esq.**
**Raechel M. Badalamenti, Esq.**
**Robert J. Morris, Esq.**
**John A. Schapka, Esq.**